UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **HOLLIS CHADWICK SMITH,**<br>       Plaintiff, | |
| v. | 5:24-cv-1288-CLM-SGC |
| **BIRMINGHAM CITY POLICE DEPARTMENT, et al.,**<br>       Defendants. | |

## MEMORANDUM OPINION

Plaintiff Hollis Chadwick Smith filed this case under 42 U.S.C. § 1983. (Doc. 1). Though Smith applied to proceed in forma pauperis ("IFP"), his application was deficient, and the magistrate judge ordered him to file a new IFP application. (Docs. 2, 3). Smith was cautioned that if he failed to do so in a timely manner, the court might dismiss his lawsuit without further notice. (Doc. 3). Though the Clerk of Court sent a copy of the order to Smith at the address he provided in his complaint, the United States Postal Service returned the order as undeliverable with the following notations: "Return to Sender"; "Attempted—Not Known"; and "Unable to Forward." (Doc. 4).

The magistrate judge ordered Smith to update his address, but the Postal Service also returned that order as undeliverable with the following notations: "Return to Sender"; "Attempted—Not Known"; and "Unable to Forward." (Docs. 5, 6). So the magistrate judge entered a report, recommending the court dismiss this case for failure to prosecute under *Federal Rule of Civil Procedure* 41(b). (Doc. 7).

On December 2, 2024, the Postal Service returned the report and recommendation—which had been sent to Smith's then-listed address at the Cullman County Jail—as undeliverable with the following notations: Return to Sender"; "Attempted—Not Known"; and "Unable to Forward." (Doc. 10). Also on December 2, 2024, the court received from Smith an amended complaint and second IFP application. (Docs. 8, 9).

Like Smith's first application, the second IFP application was deficient because it did not include a certified copy of Smith's jail or prison account statements nor did it include an affidavit identifying the person who refused to certify the records, the date of the refusal, and the exact response Smith received. (Doc. 9). Smith mailed both the amended complaint and the second IFP application from Blount County Corrections in Oneota, Alabama. (Doc. 8, p. 10; Doc. 9, p. 4).

The court investigated Smith's location and learned he was housed at Blount County Correctional. (Doc. 12). Because it appeared Smith did not receive any of the court's prior orders, the court mailed those orders to him at Blount County Correctional and gave him an additional 14 days to object to the magistrate judge's report and recommendation or submit a properly completed IFP application. (*Id.*).

That deadline has passed, but Smith has not objected to the report and recommendation, submitted a properly completed IFP application, or filed any other documents with the court. Plus, the December 16, 2024, order has not been returned as undeliverable.

So after considering the record and the magistrate judge's report, the court **ADOPTS** the report and **ACCEPTS** the recommendation. (Doc. 7). Consistent with that recommendation, the court will dismiss this case without prejudice for Smith's failure to prosecute his claims. *See* Fed. R. Civ. P. 41(b).

**Done** on January 15, 2025.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE